IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**BMS CAT, INC.,**

  **Plaintiff,**

v.          CIVIL ACTION NO.   5:16-cv-11955

**GREENBRIER HOTEL CORPORATION,**
**JAMES C. JUSTICE COMPANIES, INC.,**
**JUSTICE FAMILY GROUP, LLC,**
**PREMIER BANK, INC.,**
**SARAH C. ELLIS, Trustee,**
**JAMES H. ADKINS, Trustee,**
**JP MORGAN CHASE BANK,**
**FAYETTE COUNTY NATIONAL BANK, N.A.,**
**PAUL O. CLAY, JR., Trustee,**
**DENISE A. LIGHT, Trustee,**
**PENDLETON COMMUNITY BANK,**
**And WILLIAM GOODWIN, Trustee,**

  **Defendants.**

## COMPLAINT

COMES NOW Plaintiff BMS CAT, Inc., by counsel, and for its Complaint against

Defendants, states as follows:

## PARTIES

1.  Plaintiff BMS CAT, Inc. is a foreign corporation, organized and existing under the

laws of the State of Texas, with its principle place of business in Haltom City, Texas. At all times

relevant to this Complaint, Plaintiff was authorized to transact business in the State of West

Virginia. Plaintiff is in the business of providing restoration and reconstruction services to

commercial and industrial property after fires, floods and other catastrophic events.

2.  Defendant Greenbrier Hotel Corporation, upon information and belief, is a

corporation duly organized and existing under the laws of the State of West Virginia, with its

principle place of business at 300 W. Main Street, White Sulphur Springs, West Virginia. Among other properties, Defendant Greenbrier Hotel Corporation owns, in whole or in part, and operates the Greenbrier Resort, formerly owned and operated by CSX Corporation.

3.      Defendant James C. Justice Companies, Inc., upon information and belief, is a foreign corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business in Roanoke, Virginia.

4.      Defendant Justice Family Group, LLC, upon information and belief, is a foreign limited liability company, organized under the laws of the State of Delaware, with its principle place of business at 300 W. Main Street, White Sulphur Springs, West Virginia.  Upon information and belief, Defendant Greenbrier Hotel Corporation is a wholly owned subsidiary of Defendant Justice Family Group, LLC.  For the purpose of this Complaint, Defendant Greenbrier Hotel Corporation, Defendant James C. Justice Companies, Inc., and Defendant Justice Family Group, LLC shall be referred to collectively as "the Justice Defendants."

5.      Defendant Premier Bank, Inc., upon information and belief, is a community bank organized and existing under the laws of the State of West Virginia, with its principle place of business in Huntington, West Virginia.  Upon information and belief, Defendant Premier Bank, Inc. has provided financing to one or more of the Justice Defendants and has a security interest in the assets of the Justice Defendants.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Premier Bank, Inc. is an interested party.

6.      Defendant Sarah C. Ellis, upon information and belief, is a resident of the State of West Virginia and serves as a Trustee on a Deed of Trust in favor of Defendant Premier Bank, Inc. granted by one or more of the Justice Defendants.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Sarah C. Ellis is an interested party.

7.      Defendant James H. Adkins, upon information and belief, is a resident of the State of West Virginia and serves as a Trustee on a Deed of Trust granted by one or more of the Justice Defendants in favor of Defendant Premier Bank, Inc.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant James H. Adkins is an interested party.

8.      Defendant J.P. Morgan Chase Bank, upon information and belief, is a multinational foreign corporation with its principle place of business in New York.  Upon information and belief, Defendant J.P. Morgan Chase Bank has provided financing to one or more of the Justice Defendants and has a security interest in the assets of the Justice Defendants.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant J.P. Morgan Chase Bank is an interested party.

9.      Defendant Fayette County National Bank, N.A., upon information and belief, is community bank organized and existing under the laws of the State of West Virginia with its principle place of business in Fayetteville, West Virginia.  Upon information and belief, Defendant Fayette County National Bank has provided financing to one or more of the Justice Defendants and has a security interest in the assets of the Justice Defendants.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Fayette County National Bank is an interested party.

10.     Defendant Paul O. Clay, Jr., upon information and belief, is a resident of the State of West Virginia and serves as a Trustee on a Deed of Trust granted by one or more of the Justice Defendants in favor of Defendant Fayette County National Bank.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Paul O. Clay, Jr. is an interested party.

11.     Defendant Denise A. Light, upon information and belief, is a resident of the State of West Virginia and serves as a Trustee on a Deed of Trust granted by one or more of the Justice

Defendants in favor of Defendant Fayette County National Bank.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Denise A. Light is an interested party.

12.     Defendant Pendleton Community Bank, upon information and belief, is organized and existing under the laws of the State of West Virginia with its principle place of business in Franklin, West Virginia.  Upon information and belief, Defendant Pendleton Community Bank has provided financing to one or more of the Justice Defendants and has a security interest in the assets of the Justice Defendants.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant Pendleton Community Bank is an interested party.

13.     Defendant William Goodwin, upon information and belief, is a resident of the State of West Virginia and serves as a Trustee on a Deed of Trust granted by one or more of the Justice Defendants in favor of Defendant Pendleton Community Bank.  Accordingly, pursuant to West Virginia Code §38-2-34, Defendant William Goodwin is an interested party.

## NATURE OF THE ACTION

14.     This is an action for breach of contract and unjust enrichment arising from the Justice Defendants' failure to pay for work performed by Plaintiff in June and July, 2016 at various locations owned and/or operated by the Justice Defendants in White Sulphur Springs, Greenbrier County, West Virginia, following the historic 1000-year flooding that began on June 23, 2016. Plaintiff also seeks a declaration of the priority of liens against the assets of the Justice Defendants.

## JURISDICTION AND VENUE

15.     Jurisdiction is proper under 28 U.S.C. §1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

16.     Venue is proper in the Beckley Division of the Southern District of West Virginia, pursuant to 28 U.S.C. §1391, because the services provided by Plaintiff to the Justice Defendants and the resulting improvements to the assets of the Justice Defendants occurred in Greenbrier County, West Virginia.

## UNDERLYING FACTS

17.     The Justice Defendants own and operate various properties, with improvements thereon, in White Sulphur Springs, West Virginia.  The assets and businesses include, but are not limited to, the Greenbrier Resort, situate at 300 W. Main Street; the Village Inn, situate at 38 W. Main Street; and, the Old White Inn, situate at 865 E. Main Street.

18.     During the West Virginia Flood, which began on Thursday, June 23, 2016 and continued for several days before waters receded, the Justice Defendants suffered widespread damage to their properties and businesses.

19.     The Justice Defendants contracted with Plaintiff for remediation and restoration services to the properties, owned and/or operated by the Justice Defendants and its affiliates, which had been damaged during the West Virginia Flood.

20.     Plaintiff sent crews and brought equipment to White Sulphur Springs, West Virginia to perform remediation services requested by the Justice Defendants, which included, but were not limited to remediation and restoration of golf courses; the Greenbrier Resort's chapel, ballroom, pool room and tunnels; the Justice Defendants' PGA Tournament Office; the turf care shop and pro shop; the grounds and buildings of the Village Inn; the grounds and buildings of the Old White Inn; and the golf course out buildings.

21.     The Justice Defendants' agent and representative, Ryan McClung, inspected Plaintiff's work.  On July 1, 2016, Mr. McGlung certified that the work performed by Plaintiff

and/or Plaintiff's subcontractors was complete and that no items of work remained to be corrected or completed by Plaintiff with respect to any remediation that the Justice Defendants asked Plaintiff to perform following the West Virginia Flood.

22.     As a result of Plaintiff's remediation services, as well as the work of others, the Justice Defendants were able to reopen the Greenbrier Resort on July 12, 2016.

23.     Plaintiff tendered an invoice, dated August 11, 2016, to the Justice Defendants for the restoration services that Plaintiff performed for the Justice Defendants following the West Virginia Flood.

24.     Plaintiff's invoice reflected costs for labor, materials, equipment, reimbursables and dehumidification, as well as a required sales tax.  The total amount was Eight Hundred Eighty Four Thousand Three Hundred Ninety Four Dollars and Seventy Seven Cents ($884,394.77).

25.     The Justice Defendants did not contact Plaintiff at any time to question any amount listed in the August 11, 2016 invoice.

26.     The Justice Defendants also did not remit payment for Plaintiff's services.

27.     Plaintiff made repeated requests to the Justice Defendants to pay the balance that they owed Plaintiff for the remediation services Plaintiff provided following the West Virginia Flood.

28.     When the Justice Defendants failed and refused to pay the monies owed, Plaintiff recorded duly sworn Notices of Mechanic's Lien with the Greenbrier County Clerk's Office.  True and correct copies of the Notices of Mechanic's Lien are attached hereto as Exhibits A, B, C and D.  Additionally, Plaintiff sent copies of the Notices of Mechanic's Lien to the Justice Defendants, as well as to their affiliate, the Greenbrier Sporting Club.

29.     On or about November 10, 2016, Plaintiff received a wire transfer from Defendant Premier Bank, Inc. from an account held for Defendant Greenbrier Hotel Corporation in the total amount of One Hundred Thirteen Thousand One Hundred Twenty Six Dollars and Thirty Nine Cents ($113,126.39), which was the amount on the face of the Notice of Mechanic's Lien for the Greenbrier Sporting Club.

30.     Plaintiff released the Mechanic's Lien as against the Greenbrier Sporting Club.

31.     Plaintiff has not received any further payment from any of the Justice Defendants.

## COUNT I

32.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 31.

33.     Plaintiff has timely initiated this action for enforcement of the remaining above-described Mechanic's Lien within six (6) months of the date of recording the Mechanic's Liens.

34.     Plaintiff prays for the following relief:

a.   That Plaintiff's Mechanic's Liens be adjudged valid liens against the real estate of the Justice Defendants as described therein;

b.   That Plaintiff recover from the sale by a court-appointed Special Commissioner of the property owned by the Justice Defendants, as described in the Mechanic's Liens, the amount of Seven Hundred Seventy One Thousand Two Hundred Sixty Eight Dollars and Thirty Eight Cents ($771,268.38), plus pre- and post-judgment interest, reasonable attorney's fees and costs;

c.   That this Court ascertain the perfected lien creditors on the real estate owned by the Justice Defendants and that the priority of all lien holders be determined

so that said real estate together with improvements thereon can be sold to satisfy the liens; and

d. That this Court grant to Plaintiff such other relief as it deems just and proper.

### COUNT II

35.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 34, including subparts, as though set forth herein in their entirety.

36.     Plaintiff completed all work requested by the Justice Defendants following the West Virginia Flood.  The Justice Defendants' agent, Ryan McGlung, certified that the work was completed satisfactorily.

37.     Plaintiff has incurred costs and expenses with respect to labor and materials for the work performed at the request of the Justice Defendants following the West Virginia Flood. Plaintiff has honored its obligations to suppliers and subcontractors related to those costs and expenses.

38.     The Justice Defendants have failed to pay Plaintiff for all work completed and materials supplied, despite Plaintiff's repeated request for payment.   Instead, the Justice Defendants have given the hollow assurances that Plaintiff will be paid eventually.

39.     West Virginia law recognizes that every contract has an implied covenant of good faith and fair dealing.  The Justice Defendants breached that covenant with Plaintiff as, Plaintiff belatedly learned, the Justice Defendants have historically done with other contractors and suppliers.

40.     Plaintiff, therefore, requests judgment be entered against the Justice Defendants for the total amount of Seven Hundred Seventy One Thousand Two Hundred Sixty Eight Dollars and

Thirty Eight Cents ($771,268.38), together with pre- and post-judgment interest at the statutory rate, reasonable attorney's fees and costs, and such other relief as the Court deems just and proper.

## COUNT III

41.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 40, including subparts, as though set forth herein in their entirety.

42.     Plaintiff's remediation work permitted the Justice Defendants to reopen businesses in White Sulphur Springs, West Virginia, within three (3) weeks of the devastating West Virginia Flood.

43.     In light of the substantial damage sustained during the West Virginia Flood, Plaintiff's remediation and restoration work added value to the otherwise devastated property owned by the Justice Defendants.

44.     Upon information and belief, the Justice Defendants tendered to property and casualty insurers Plaintiff's invoice to support their property damage claims following the flood. Further, upon information and belief, the Justice Defendants received indemnity payments from the property and casualty insurers.

45.     Rather than using the indemnity payments to pay Plaintiff for the work it performed, the Justice Defendants have withheld payment and thus have been unjustly enriched.

46.     Plaintiff, therefore, requests judgment be entered against the Justice Defendants for the total amount of Seven Hundred Seventy One Thousand Two Hundred Sixty Eight Dollars and Thirty Eight Cents ($771,268.38), together with pre- and post-judgment interest at the statutory rate, reasonable attorney's fees and costs, and such other relief as the Court deems just and proper.

**BMS CAT, INC.,**

**By Counsel,**

/s/ *Charlotte A. Hoffman Norris*
Robert H. Sweeney, Esq. (WV State Bar No. 5831)
Charlotte A. Hoffman Norris, Esq. (WV State Bar No. 5473)
*Counsel for Plaintiff BMS CAT, Inc.*
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
304-523-2100/ 304-523-2347(facsimile)
rhs@jenkinsfenstermaker.com
chn@jenkinsfenstermaker.com

4850-0347-0141, v. 2